OPINION
{¶ 1} David G. Nenzoski ("Mr. Nenzoski") appeals from a judgment of the Portage County Court of Common Pleas sentencing him to a thirteen-year prison term in connection with his guilty plea to three counts of sexual battery and three counts of unlawful sexual conduct with a minor. After a careful review of the facts as contained in the record and a review of applicable law, we affirm.
 {¶ 2} On January 11, 2007, Mr. Nenzoski, a forty-nine-year-old, was indicted with three counts of sexual battery and three counts of unlawful sexual conduct with a *Page 2 
minor, both felonies of the third degree. These charges stemmed from his engagement in sexual conduct with a thirteen-year-old student at a school where Mr. Nenzoski served as an assistant band director.
 {¶ 3} At the plea hearing held on March 16, 2007, the state reported to the trial court that, in exchange for Mr. Nenzoski's guilty plea to the six-count indictment, the state would not pursue any further prosecution against him for other unlawful conducts with the victim. The parties also agreed that he would be labeled as a sexually oriented offender.
 {¶ 4} In addition, the state recommended that the sentences for the three sexual battery counts run consecutively with each other but concurrently with the three counts of unlawful sexual conduct with a minor, amounting to a maximum possible term of fifteen years.
 {¶ 5} Mr. Nenzoski's counsel informed the court that Mr. Nenzoski did not agree with the state's recommendation of sentence. Both parties represented to the court that the issue of sentencing would be argued at the sentencing hearing. The pertinent portion of the trial transcript reflects the following exchange:
 {¶ 6} "[Prosecutor]: After discussing this particular case with [defense counsel], at this time the State understands that the Defendant is going to plead guilty to all unlawful sexual conducts of the indictment, the three counts of sexual battery, as well, felonies of the third degree and that is agreed.
 {¶ 7} "And it would be the State's recommendation that the sexual battery charges be run consecutive to one another but concurrent with the unlawful sexual conduct charges. *Page 3 
 {¶ 8} "Therefore, for purposes of sentencing, looking at the maximum possible sentence likely is fifteen years. And that the issue of sentencing we would agree to argue that particular issue at the appropriate time.
 {¶ 9} "[DEFENSE COUNSEL]: I am confused.
 {¶ 10} "[COURT]: So am I.
 {¶ 11} "[DEFENSE COUNSEL]: My understanding of the Criminal Rule 11 negotiations is that Mr. Nenzoski will plead to the six-count indictment charging three counts of sexual battery, felonies of the third degree and three counts of unlawful sexual conduct with a minor. That further the State is not going to object to a presentence investigation report.
 {¶ 12} "However, and further, that in return for that plea, the State agrees, which has not been stated for the record, that there will be no further prosecution or no additional prosecution against Mr. Nenzoski for any other conduct or activities that related to the victim in the case.
 {¶ 13} "With respect to the punishment, it's my understanding that because we cannot agree to recommend — that we were going to argue punishment at sentencing and I thought I heard [the prosecutor] indicate that, there was an agreement that the State was going to recommend that the sexual batteries run consecutive to each other, but concurrent with the unlawful sexual conduct. We are not agreeing with that, that's not a stipulation.
 {¶ 14} "[PROSCUTOR]: It's not a stipulation of sentencing, that's —
 {¶ 15} "[COURT]: That's your recommendation on the record. *Page 4 
 {¶ 16} "[PROSECUTOR]: I was putting on the record what our recommendation was going to be in terms of not that it was an agreement by any means and as we had agreed, we agreed that we would argue the sentence against the tally at the sentencing hearing following the [presentence investigation report]."
 {¶ 17} Before accepting his plea, the court ensured that Mr. Nenzoski understood the consequences of his guilty plea and, in particular, that he understood each of the three counts of sexual battery may carry up to five years in prison. The court then ordered a presentence investigation report ("PSI").
 {¶ 18} At the sentencing hearing on May 7, 2007, Mr. Nenzoski's counsel argued for "sentencing somewhere on the low end of the sentencing spectrum, given the fact that this was a consensual relationship," citing also Mr. Nenzoski's lack of prior criminal record and that he had taken responsibility for his conduct.
 {¶ 19} The court then inquired about the terms of the plea negotiations to ensure that it understood the terms of the parties' agreement.
 {¶ 20} The court in addition heard statements from the young victim and her parents. The victim described how Mr. Nenzoski gained her trust since sixth grade so that he could exploit her for his own pleasure. She stated she suffered from depression, cut herself everyday for two months, attempted an overdose of medication, and was admitted to a mental hospital.
 {¶ 21} Her father stated that Mr. Nenzoski abused the trust he had as their daughter's teacher. He stated Mr. Nenzoski took something from his daughter that she will never get back and that she will be not be able to trust anyone again. He asked the court to punish him fully on every count. *Page 5 
 {¶ 22} The victim's mother stated that Mr. Nenzoski took advantage of the innocence of a very compassionate thirteen-year-old child, and asked the court to consider the irreparable damages that Mr. Nenzoski's acts had upon their family, the school, and the community. She stated that her family has "only just begun to peel back the layers inflicted upon" her daughter from the crimes he committed against her mind and body. She asked the court to sentence him to the maximum years allowed on all three counts and that they be served consecutively.
 {¶ 23} The state then argued that the court should impose a maximum sentence of fifteen years, based on the victim's young age and its review of the PSI, which indicates Mr. Nenzoski's failure to be truly accountable for his wrongdoing.
 {¶ 24} After allowing Mr. Nenzoski to speak on his own behalf, the court stated:
 {¶ 25} "Based on the agreement between the Prosecutor and the defense attorney, I'm going to sentence the Defendant in the following manner: I'm going to sentence the Defendant to the Ohio Department of Corrections on count one, which is sexual battery, for five years; count three, which is sexual battery, five years; count five, which is sexual battery, three years, to run consecutive with one [another], and on the remaining counts, which are the unlawful sexual conduct counts, I'm going to sentence the Defendant to four years on each count to run concurrent with the sexual battery charges. So that will be thirteen years."
 {¶ 26} The court then stated to Mr. Nenzoski: "Sir, you not only violated this family; you violated your community; you violated the school. They trusted you, and they have a huge healing process in front of them." *Page 6 
 {¶ 27} In its judgment entry dated May 9, 2007, the trial court stated that in sentencing Mr. Nenzoski it has considered "evidence presented by counsel, oral statements, any victim impact statement, the presentence report and Mr. Nenzoski's own statement."
 {¶ 28} Mr. Nenzoski timely filed the instant appeal, raising the following assignments of error for our review.
 {¶ 29} "[1.] Mr. Nenzoski's sentence is void because the court based its sentence on an erroneous understanding of the 11(F) plea negotiations.
 {¶ 30} "[2.] The trial court erred when it imposed a sentence of thirteen years, for Mr. Nenzoski, a first time offender, and failed to consider O.R.C. 2929.11 and 2929.12.
 {¶ 31} "[3.] The trial court erred by sentencing Mr. Nenzoski to the maximum sentence violating his right to due process.
 {¶ 32} "[4.] The trial court erred because the sentence imposed on Mr. Nenzoski is unconstitutional as derived from a violation of the separation of powers."
 {¶ 33} Standard of Review
 {¶ 34} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio struck down parts of Ohio's sentencing scheme and held that `[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 35} Post Foster, this court has consistently applied an abuse of discretion standard in reviewing a sentence that is within the statutory range. See, e.g., State v. Haney, 11th Dist. No. 2006-L-253,2007-Ohio-3712, at ¶ 24; State v. Sebring, 11th Dist. *Page 7 
No. 2006-L-211, 2007-Ohio-1637, at ¶ 9; State v. Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33; State v. Bradford, 11th Dist. No. 2006-L-140, 2007-Ohio-2575, at ¶ 11.
 {¶ 36} An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. A trial court will not be found to have abused its discretion in sentencing if the sentence it imposes is within the statutory limits. State v. Burge (1992), 82 Ohio App.3d 244, 249.
 {¶ 37} Whether the Trial Court Was Properly Advised of the PleaAgreement
 {¶ 38} Under the first assignment of error, Mr. Nenzoski claims that the trial court was not properly advised of the parties' plea agreement. He refers us to the following portion of the transcript of the sentencing hearing:
 {¶ 39} "[PROSECUTOR]: Your honor, before I give my statement, I'd like the victim to give their victim impact statement.
 {¶ 40} "[THE COURT]: Just for the record, it's my understanding that at the plea, that you [referring to the prosecutor] agreed and the State stood on the fact that they wanted the sexual battery cases to run consecutive and the unlawful sexual conduct to run concurrent; is that correct?
 {¶ 41} "[PROSECUTOR]: To the sexual batteries, correct. That's correct. So we are looking at exposure of fifteen years. *Page 8 
 {¶ 42} "[THE COURT]: That's what I wanted to clarify.
 {¶ 43} "[DEFENSE COUNSEL]: Even though I didn't represent Mr. Nenzoski with respect to the Criminal 11 (F), I have spoken with him and [his counsel at the plea hearing] and [the prosecutor], and that's also our understanding."
 {¶ 44} Mr. Nenzoski contends that the above exchange shows that the trial court misunderstood the terms of the plea agreement. In particular, he argues that it indicates that the trial court misunderstood him to have consented to have the three sexual battery counts run consecutively to each other. He complains (1) his defense counsel provided ineffective assistance in informing the court that he agreed to consecutive sentences for the sexual battery counts; (2) the state breached the plea agreement by not correcting the trial court's misunderstanding; and (3) the court sentenced him without being properly appraised of the parties' plea negations. Therefore, he argues his sentence is void.
 {¶ 45} Our own reading of the transcript of the proceedings shows that Mr. Nenzoski's claim is without merit.
 {¶ 46} First, the transcript of the plea hearing reflects that pursuant to plea negotiations, the parties agreed that in exchange for Mr. Nenzoski's guilty plea to three counts of sexual battery and three counts of unlawful sexual conduct with a minor, the state would not prosecute Mr. Nenzoski for other incidents relating to the victim and would recommend that he be labeled as a sexually oriented offender. Furthermore, the prosecutor recommended that the sentences for the three sexual battery counts run consecutive to each other but concurrent with the three unlawful sexual conduct counts. However, the prosecutor made it clear to the court that the parties did not reach an *Page 9 
agreement on the sentence and that the parties would argue the sentence issue at the sentencing hearing.
 {¶ 47} At the sentencing hearing, the trial court ensured again that it understood correctly where the parties stood on the sentence. The court, addressing the prosecutor, stated, somewhat inartfully: "Just for the record, it's my understanding that at the plea, that you agreed and the State stood on the fact that they wanted the sexual battery cases to run consecutive and the unlawful sexual conduct to run concurrent; is that correct?" (Emphasis added.) To this the prosecutor replied: "To thesexual batteries, correct. * * *. So we are looking at exposure of fifteen years." (Emphasis added.) The defense counsel then advised the court that although he did not represent Mr. Nenzoski at his plea hearing, he had spoken with Mr. Nenzoski and his plea counsel who did attend the plea hearing, as well as with the prosecutor, and "that's also our understanding."
 {¶ 48} We first point out that the court was addressing theprosecutor when it made the above remark. Therefore, the antecedent of the pronoun "you" is the prosecutor, not Mr. Nenzoski, contrary to his assertion. Furthermore, although the court's use of the pronoun "they" was inartful, it is clear to us that, when the remark is read in context and in conjunction with the pertinent colloquy at the plea hearing, the pronoun "they" refers to the state, not Mr. Nenzoski.
 {¶ 49} Therefore, reading the above exchange correctly in context, we have determined that both parties and the trial court understood that the state alone recommended the sexual battery counts to run consecutive to each other. Indeed, the transcript reflects that the prosecutor emphasized to the court that the recommended *Page 10 
concurrent sentencing pertains only to the concurrent running of the unlawful sexual conduct to the sexual battery counts, stating "[t]o the sexual batteries, correct," when the court asked if the State "wanted the sexual battery cases to run consecutive and the unlawful sexual conduct to run concurrent; is that correct?"
 {¶ 50} The record furthermore reflects that the parties did argue the issue of sentence at the sentencing hearing, as they had previously agreed. Mr. Nenzoski's counsel asked for "sentencing somewhere on the low end of the sentencing spectrum." The prosecutor on the other hand argued for the maximum sentence of fifteen years — five years for each sexual battery count.
 {¶ 51} As to the comment by the trial court prior to imposing the sentence that "[b]ased on the agreement between the prosecutor and the defense attorney, I'm going to sentence the defendant in the following manner * * *," it is also clear to us that, read in the context of the entire proceedings, the word "agreement" refers to the plea agreement between Mr. Nenzoski and the State, including the State's agreement not to engage in further prosecutions relating to the victim against Mr. Nenzoski, to label him as a sexually oriented offender, and the state's recommendation for the unlawful sexual conduct counts to run concurrent to the sexual battery counts.
 {¶ 52} Therefore, our review of the record in its entirety fails to demonstrate that the trial court was not properly appraised of the parties' plea negotiations, or that the State breached the plea agreement by failing to clarify for the court the nature of the bargain, as Mr. Nenzoski contends. Rather, the record reflects that the court understood the State to have recommended the sexual battery counts to be sentenced consecutively to each other without Mr. Nenzoski's agreement. *Page 11 
 {¶ 53} As to his claim that his counsel provided ineffective assistance, he must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 54} A threshold issue in a claim of ineffective assistance of counsel is whether there was actual error on the part of appellant's trial counsel. State v. McCaleb, 11th Dist. No. 2002-L-157,2004-Ohio-5940, at ¶ 92. In Ohio, every properly licensed attorney is presumed to be competent and therefore a defendant bears the burden of proof. State v. Smith (1985), 17 Ohio St.3d 98, 100. To overcome this presumption, a defendant must demonstrate that "the actions of his attorney did not fall within a range of reasonable assistance."State v. Henderson, 11th Dist. No. 2001-T-0047, 2002-Ohio-6715, at ¶ 14 (citation omitted).
 {¶ 55} Mr. Nenzoski claims his counsel at the sentencing hearing was deficient because he failed to accurately advise the court that he did not agree to consecutive sentences of the sexual battery counts. Because we have determined that the court understood consecutive sentencing for the sexual battery counts not to be a part of the parties' agreement, we do not perceive an actual error or deficiency in counsel's performance. His plea counsel correctly advised the court that the parties did not agree in sentencing; his counsel at the sentencing hearing argued for a shorter sentence based on his lack of prior criminal record and his acceptance of responsibility, while the state argued for the maximum sentence based on the victim's age and his lack of full accountability for his actions. Finally, as we have already determined, his counsel's statement "that's also our understanding" at the sentencing hearing refers to the *Page 12 
understanding that the state in this case recommended consecutive sentences for the sexual battery counts without Mr. Nenzoski's agreement. Consequently, we conclude his ineffective assistance of counsel claim is without merit.
 {¶ 56} For these reasons, the first assignment is overruled.
 {¶ 57} Whether the Trial Court Considered the Statutory Factors ofR.C. 2929.11 and R.C. 2929.12.
 {¶ 58} In his second assignment of error, Mr. Nenzoski contends that the trial court failed to properly consider the purposes and principles of felony sentencing of R.C. 2929.11 and R.C. 2929.12. In particular, he asserts that the trial court failed to consider the seriousness and recidivism factors pursuant to R.C. 2929.12 and failed to ensure his sentence was consistent with punishments for similar offenses pursuant to R.C. 2929.11(B).
 {¶ 59} R.C. 2929.12 requires a court to consider the seriousness and recidivism factors; it provides a nonexclusive list of factors relating to the seriousness of the offense and recidivism of the offender for the court to consider in imposing a sentence to meet those objectives.
 {¶ 60} The Supreme Court of Ohio noted in Foster that there is no mandate for judicial factfinding in the general guidance statutes R.C. 2929.11 and R.C. 2929.12, and that a trial court is merely to "consider" the statutory factors. Foster at ¶ 42. See, also, State v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, at ¶ 16 (although a trial court is required to consider the seriousness and recidivism factors, the court does not need to make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors.); State v. Lewis, 11th Dist. No. 2006-L-224, *Page 13 2007-Ohio-3014, at ¶ 24; State v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 46.
 {¶ 61} Rather, where a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors. State v. Taylor (1992),76 Ohio App.3d 835, 839; State v. Crouse (1987), 39 Ohio App.3d 18, 20. This court has consistently applied this principle when reviewing a sentence post Foster. See, e.g. State v. Murray, 11th Dist. No. 2007-L-098, 2007-Ohio-6733; State v. Lee, 11th Dist. No. 2007-G-2761,2007-Ohio-6736; State v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740.
 {¶ 62} Furthermore, a trial court is not required to expressly state on the record that it considered the statutorily enumerated sentencing factors. State v. Mathews (Oct. 15, 1998), 8th Dist. No. 73303, 1998 Ohio App. LEXIS 4876, *7, citing State v. Adams (1988),37 Ohio St.3d 295, paragraph three of the syllabus.
 {¶ 63} Therefore, the burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. State v. Cyrus (1992), 63 Ohio St.3d 164, 166.
 {¶ 64} In this case, Mr. Nenzoski pled guilty to three counts of sexual battery, felonies of the third degree, for which the statutory range is two to five years. The court imposed a five-year term on the first and third sexual battery count and a three-year term on the second sexual battery count, within the statutory range.
 {¶ 65} Although the trial court did not specifically mention in its judgment entry that it had considered the factors of R.C. 2929.11 and R.C. 2929.12, the record reflects that the court had before it evidence, including: (1) the PSI, which described the *Page 14 
magnitude of the offenses against the young victim; (2) the victim's and her parents' statements regarding how Mr. Nenzoski took advantage of his position as a teacher; (3) the victim's young age; and (4) the irreparable harm he inflicted on her.
 {¶ 66} Because the court imposed a sentence on Mr. Nenzoski within the statutory range, we accord the court the presumption that it considered the requisite statutory factors and applied them to the particular circumstances of this case. That it considered the statutory factors is further evinced by its admonishment of Mr. Nenzoski while sentencing him: "[Y]ou not only violated this family; you violated your community; you violated the school. They trusted you, and they have a huge healing process in front of them."
 {¶ 67} Because the court's sentence is within the statutory range and because the record contains evidence going to the seriousness and recidivism factors, we find no abuse of discretion in the court's sentence.
 {¶ 68} Mr. Nenzoski also argues that his sentence is inconsistent with and disproportionate to sentences imposed for similar offenses by the same trial court. In support, he cites to several cases from that court to show certain defendants who committed offenses similar to his were sentenced to shorter prison terms.
 {¶ 69} R.C. 2929.11(B) requires that a felony sentence must be consistent with other sentences imposed for similar crimes, "reasonably calculated" to achieve the overriding purposes of felony sentencing, and "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."
 {¶ 70} "Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency." State v. Georgakopoulos, *Page 15 
8th Dist. No. 81934, 2003-Ohio-4341, at ¶ 23. This court has also observed that "a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency [pursuant to R.C. 2929.11(B)]." State v. Ashley, 11th Dist. No. 2006-L-134,2007-Ohio-690, at ¶ 29, quoting State v. Swiderski, 11th Dist. No. 2004-L-112, 2005-Ohio-6705, ¶ 58. "[C]onsistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh relevant statutory factors." State v.Ryan, 1st Dist. No. C-020283, 2003-Ohio-1188, at ¶ 10, citing Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R. L.Rev. 1,12. "[C]onsistency is achieved by weighing the sentencing factors. As such, the concept of consistency allows for divergent sentences for the same statutory offense due to the particular factual situations and offender characteristics." State v. Murrin, 8th Dist. No. 83482, 2004-Ohio-6301, at ¶ 19 (citation omitted). Although offenses may be similar, distinguishing factors may justify dissimilar sentences." Ryan at ¶ 10.
 {¶ 71} Because we have determined that the trial court considered the pertinent statutory factors in light of the particular facts and circumstances of this case, we are not persuaded by Mr. Nenzoski's claim of disproportionality.
 {¶ 72} Mr. Nenzoski's second assignment of error is without merit.
 {¶ 73} In his third and fourth assignments of error, Mr. Nenzoski claims the trial court erred by sentencing him to the maximum sentence pursuant to Foster because the court's sentencing pursuant toFoster is "standardless" and therefore arbitrary, and violated his rights to due process. He also argues sentencing pursuant toFoster *Page 16 
violates the separation of powers doctrine. He urges us not to applyFoster in reviewing his sentence.
 {¶ 74} This court has on numerous occasions addressed similar challenges to sentences imposed pursuant to Foster and has found no merit in these challenges. See, e.g., State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073; State v. Anderson, 11th Dist. No. 2006-L-142,2007-Ohio-1062; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783.
 {¶ 75} We note in addition that as an appellate court we are bound to follow and apply the Supreme Court of Ohio's directives and have no authority to pass judgment on its rulings. State v. Morris, 4th Dist. No. 06CA28, 2007-Ohio-5291, at ¶ 6; State v. Hildreth, 9th Dist. No. 06CA8879, 2006-Ohio-5058, at ¶ 10; State v. Durbin, 2nd Dist.
No. 2005-CA-134, 2006-Ohio-5125, at ¶ 42.
 {¶ 76} The third and fourth assignments of error are overruled.
 {¶ 77} For all the foregoing reasons, we affirm the judgment of the Portage County Common Pleas Court.
 CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1