[Cite as *State v. Beville*, 2013-Ohio-2139.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-A-0057** |
| ROBERT BEVILLE, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CR 189.

Judgment: Affirmed.


*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Hiener*, P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Robert Beville, appeals from the Judgment Entry of the Ashtabula County Court of Common Pleas, sentencing him to a term of three years in prison for Conspiracy to Trafficking in Marijuana. The issue to be decided by this court is whether a trial court is required to explicitly state that it has considered the seriousness and recidivism factors set forth in R.C. 2929.12, and its reasons for giving the maximum sentence. For the following reasons, we affirm the decision of the court below.

{¶2}  On April 12, 2012, Beville was indicted by the Ashtabula County Grand Jury on one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree, in violation of R.C. 2923.32(A)(1) and (B)(1); one count of Complicity to Trafficking in Marijuana, a felony of the second degree, in violation of R.C. 2925.03(A)(1) and (C)(3)(f) and R.C. 2923.03; and one count of Conspiracy to Trafficking in Marijuana, a felony of the third degree, in violation of R.C. 2925.03(A)(1) and (C)(3)(f) and R.C. 2923.01(A)(2).

{¶3}  On August 20, 2012, a plea hearing was held, at which Beville pled guilty to one count of Conspiracy to Trafficking in Marijuana, as set forth in count three of the Indictment.  The State moved to dismiss the remaining two counts of the Indictment. The written Plea of Guilty, signed by Beville, was filed on August 21, 2012.  A Judgment Entry was filed on August 22, 2012, memorializing the plea hearing.

{¶4}  A sentencing hearing in this matter was held on October 22, 2012.  During the hearing, defense counsel explained that Beville had cooperated with authorities. The State emphasized Beville's lengthy criminal record.  The court noted that Beville had prior felony convictions and that he had two chances at community control, which he violated.  The court stated that Beville "continued to be involved in criminal activity" and failed to follow through with any of the opportunities he had to participate in various drug addiction programs.  Beville was sentenced to a term of three years imprisonment. The court noted that there was a $5,000 mandatory fine, but informed counsel to file a motion to waive the fine.

{¶5}  Beville's sentence was memorialized in an October 23, 2012 Judgment Entry.  The Entry stated that the court had considered the record and statements given,

as well as "the principles and purposes of sentencing under R.C. 2929.11."

{¶6} On October 25, 2012, Beville filed a Motion to Waive Fine, which was granted in a November 7, 2012 Judgment Entry.

{¶7} Beville timely appeals and raises the following assignment of error:

{¶8} "The trial court erred when sentencing the appellant to the maximum sentence for violating R.C. §2923.01."

{¶9} Subsequent to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, appellate courts have applied a two step approach in reviewing felony sentences. First, courts "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

{¶10} A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  R.C. 2929.11(A).  A court imposing a sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."  R.C. 2929.12(A).  "In the exercise of this discretion, a court 'shall consider' the non-exclusive list of seriousness and recidivism factors set

3

forth in R.C. 2929.12(B), (C), (D), and (E)." (Citation omitted.) *State v. Putnam*, 11th Dist. No. 2012-L-026, 2012-Ohio-4891, ¶ 8; R.C. 2929.12(A).

{¶11} There is no "mandate" for the sentencing court to engage in any factual finding under these statutes. Rather, "[t]he court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. This standard continues to be applicable after the recent enactment of H.B. 86, which did not amend R.C. 2929.12. *Putnam* at ¶ 9, citing *State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 24 (R.C. 2929.12 is "not [a] fact-finding statute[] like R.C. 2929.14").

{¶12} Beville acknowledges that his sentence was within the appropriate range and does not argue that the sentence was clearly and convincingly contrary to law. He asserts, however, that the trial court abused its discretion by failing to consider the factors found in R.C. 2929.12.

{¶13} The State contends that the trial court considered Beville's prior convictions and failure to follow through with counseling opportunities in the past, and gave careful and substantial deliberation to the relevant statutory considerations.

{¶14} The trial court did not explicitly state, either during the sentencing hearing or in its judgment entry, that it had considered the factors in R.C. 2929.12. During the hearing, the court did address Beville's repeated commission of marijuana-related crimes, including a charge that occurred while the present matter was pending. The court also pointed out that Beville had opportunities in the past under community control, which he violated, and had been presented with the chance to treat his addiction through counseling, which he failed to complete. The Judgment Entry stated that the court considered the record, oral statements given at the sentencing hearing,

4

and the presentence report, which discussed both Beville's cooperation with police and his criminal history. These factors relate to recidivism and future crime, which are to be considered under R.C. 2929.12.

**{¶15}** In addition, while the trial court must consider the R.C. 2929.12 factors, this court has held that there is no requirement that "the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Hutchings*, 11th Dist. Nos. 2011-P-0019, et al., 2012-Ohio-649, ¶ 36, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). "[A] silent record raises a presumption that the relevant statutory factors were duly considered before the sentencing determination was made." (Citation omitted.) *State v. Overstreet*, 11th Dist. No. 2012-P-0049, 2013-Ohio-540, ¶ 26; *State v. Chapdelaine*, 11th Dist. No. 2009-L-166, 2010-Ohio-2683, ¶ 14 ("R.C. 2929.12 neither requires a sentencing court to discuss the statutory criteria on record nor even state on the record that it has considered them"). Although the trial court did not explicitly state in the sentencing entry that it considered all of the factors in R.C. 2929.12 or make conclusions or statements on the seriousness of the crime factors, this was not required. *Hutchings* at ¶ 35 ("the trial court's failure to reference R.C. 2929.11 or 2929.12 in its sentencing entry does not demonstrate its failure to consider the appropriate statutory factors").

**{¶16}** Moreover, Beville has not provided any support to rebut the presumption that the court considered the proper factors. It is Beville's obligation to rebut this presumption. *State v. Bernadine*, 11th Dist. No. 2010-P-0056, 2011-Ohio-4023, ¶ 38, citing *State v. Nenzoski*, 11th Dist. No. 2007-P-0044, 2008-Ohio-3253, ¶ 63 ("[t]he

5

burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria"). Beville has not demonstrated that the trial court failed to consider the factors or that the sentence was inconsistent with such factors, nor is there anything in the record showing that the court ignored the factors, especially given the foregoing discussion of its consideration of Beville's criminal record and the statements given at the sentencing hearing.

{¶17} Beville also argues that the court did not find that the maximum sentence "was consistent with the purposes of R.C. 2929.11."

{¶18} Regarding sentencing, the Supreme Court of Ohio held in *Foster* that trial courts have "full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." 109 Ohio St.3d 1, 845 N.E.2d 470, at paragraph seven of the syllabus; *State v. Hoolihan*, 11th Dist. No. 2012-T-0023, 2012-Ohio-5837, ¶ 5. The trial court was not required to state its reasons for giving the maximum penalty in this matter, although it did emphasize Beville's past criminal history, as outlined above. Further, the court stated in its Judgment Entry that a prison term was "consistent with the purposes of ORC 2929.11," and that it had considered the principles and purposes of sentencing under R.C. 2929.11, even though such a statement was not required. Based on the foregoing, we cannot find that the trial court erred in either sentencing Beville to the maximum sentence or in considering the necessary factors for sentencing.

{¶19} The sole assignment of error is without merit.

{¶20} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, sentencing Beville to a prison term of three years for Conspiracy to Trafficking in Marijuana, is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.