[Cite as *State v. Arkenburg*, 2014-Ohio-1361.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-087** |
| RYAN L. ARKENBURG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 13 CR 000124.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jay F. Crook,* Shryock, Crook & Associates, LLP, 30601 Euclid Avenue, Wickliffe, OH 44092(For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Ryan Arkenburg appeals from the August 27, 2013 judgment entry of the Lake County Court of Common Pleas, sentencing him to prison for one count of burglary. Mr. Arkenburg asserts the trial court erred in imposing a maximum prison term as its findings were not supported by the record, and that it failed to give substantial consideration to the statutory sentencing factors. Finding no error, we affirm.

{¶2} April 24, 2013, the Lake County Grand Jury returned a two count indictment against Mr. Arkenburg: Count 1, aggravated burglary, a felony of the first degree in violation of R.C. 2911.11(A)(2); and Count 2, burglary, a felony of the second degree in violation of R.C. 2911.12(A)(2). The charges arose from an incident on January 29, 2013 when Mr. Arkenburg was arrested for illegally entering the residence of the victim in this case. Mr. Arkenburg's codefendant had a past relationship with the victim. After plea negotiations, Mr. Arkenburg pleaded guilty to one count of burglary, a felony of the second degree.

{¶3} During sentencing the trial court made three findings relating to this case: (1) that the victim suffered severe psychological harm; (2) that the offender acted as part of an organized criminal activity; and (3) that Mr. Arkenburg's remorse mitigated against imposition of a post release control sentence of an additional three years. Based upon these findings the trial court sentenced Mr. Arkenburg to eight years, the maximum sentence under law.

{¶4} This appeal timely ensued, Mr. Arkenburg assigning a single error: "The trial court erred by sentencing the defendant-appellant to eight years in prison."

{¶5} Mr. Arkenburg makes three arguments in support: (1) the sentence imposes an unnecessary burden on state or local government resources in violation of R.C. 2929.11(A); (2) a maximum sentence exceeds the minimum sanctions necessary to protect the public and punish the offender; and (3) the trial court failed to give appropriate consideration and weight to Mr. Arkenburg's untreated drug abuse issues and his genuine remorse under R.C. 2929.12. Additionally, Mr. Arkenburg argues that his actions do not qualify as being part of an "organized criminal activity."

{¶6} "Subsequent to *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, appellate courts have applied a two step approach in reviewing felony sentences. First, courts 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.' *State v. Kalish*, 120 Ohio St.3d 23, 2008 Ohio 4912, ¶26, * * *.

{¶7} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing, which are 'to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.' R.C. 2929.11(A). A court imposing a sentence for a felony 'has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.' R.C. 2929.12(A). 'In the exercise of this discretion, a court "shall consider" the non-exclusive list of seriousness and recidivism factors set forth in R.C. 2929.12(B), (C), (D), and (E).' (Citation omitted.) *State v. Putnam*, 11th Dist. No. 2012-L-026, 2012 Ohio 4891, ¶8; R.C. 2929.12(A).

{¶8} "There is no 'mandate' for the sentencing court to engage in any factual finding under these statutes. Rather, '(t)he court is merely to "consider" the statutory factors.' *Foster* at ¶42. This standard continues to be applicable after the recent enactment of H.B. 86, which did not amend R.C. 2929.12. *Putnam* at ¶9, citing *State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012 Ohio 3349, ¶24 (R.C. 2929.12 is

'not (a) fact-finding statute() like R.C. 2929.14')." (Parallel citation omitted.) *State v. Beville*, 11th Dist. Ashtabula No. 2012-A-0057, 2013-Ohio-2139, ¶9-11.

{¶9} In this case, the trial court clearly stated its findings regarding the seriousness and recidivism factors. It found the victim suffered serious psychological harm, which increased the seriousness of the crime. R.C. 2929.12(B)(2) It found Mr. Arkenburg acted as part of an organized criminal activity, another factor enhancing the crime's seriousness. R.C. 2929.12(B)(7). It found Mr. Arkenburg had a long history of juvenile delinquency adjudications and criminal convictions, factors showing likelihood of recidivism. R.C. 2929.12(D)(2); *see also* R.C. 2929.12(D)(3). It found he committed this crime while under community control sanctions, less than a year after his release from prison, another recidivism factor. R.C. 2929.12(D)(1). It found Mr. Arkenburg had not sought treatment for his drug and alcohol addictions, yet another recidivism factor. R.C. 2929.12(D)(4).

{¶10} Mr. Arkenburg argues the trial court's sentence imposes an unnecessary burden on state or local resources. R.C. 2929.11(A). This court has noted this provision "'embodies the principle referred to as the "resources conservation" principle found in former R.C. 2929.13.'" *State v. Banks*, 11th Dist. Lake No. 2012-L-110, 2013-Ohio-3865, ¶67, quoting *State v. Anderson*, 11th Dist. Geauga No. 2011-G-3044, 2012-Ohio-4203, ¶35. However, courts have determined that "while resource and burdens to the government may be a relevant sentencing criterion, the statute 'does not require trial courts to elevate resource conservation above the seriousness and recidivism factors.'" (Citation omitted.) *Anderson* at ¶36.

4

{¶11} Mr. Arkenburg also believes his sentence exceeds the minimum sanction necessary to protect the public and punish the offender. Given the seriousness of the offense and the recidivism factors outlined by the trial court, we disagree.

{¶12} Mr. Arkenburg further asserts the trial court failed to give appropriate consideration to his drug abuse issues and his sincere remorse. Again, the trial court noted Mr. Arkenburg had not sought treatment for his alcohol and drug abuse issues. However, the trial court did note Mr. Arkenburg's remorse, and responded by not imposing a sanction for Arkenburg's violation of post release control – a term of an additional three years.

{¶13} Finally, Mr. Arkenburg questions the appropriateness of the trial court's determination that he engaged in "organized criminal activity." However, even if we assume this finding was misplaced, the trial court nonetheless cited other seriousness and recidivism factors fully justifying Mr. Arkenburg's sentence, including his lengthy criminal record, the failure of prior sanctions to rehabilitate him, and the fact he had been released from prison less than a year prior to this offense and was still under community control sanctions.

{¶14} We find no error in the trial court's consideration of the seriousness and recidivism factors. The trial court did not err in sentencing Mr. Arkenburg to more than a minimum, and maximum, term of imprisonment. The sole assignment of error lacks merit.

{¶15} The judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.