[Cite as *State v. Evans*, 2020-Ohio-736.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0051** |
| DWIGHT D. EVANS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2018 CR 01038.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Carlo A. Ciccone*, 137 East Market Street, Warren, OH 44481 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Dwight D. Evans ("Mr. Evans"), appeals the judgment of the Portage County Court of Common Pleas sentencing him to 24 months in prison following his guilty plea to aggravated possession of drugs, a felony of the third degree.

{¶2} Mr. Evans contends that the record does not reflect that the trial court considered the sentencing factors in R.C. 2929.12.

{¶3} After a careful review of the record and pertinent law, we find that the record supports the inference that the trial court properly considered the factors in R.C. 2929.12. Thus, we affirm the judgment of the Portage County Court of Common Pleas.

**Substantive and Procedural History**

{¶4} In October 2018, a police officer with the Kent Police Department pulled Mr. Evans over for a traffic stop and discovered his driver's license was suspended. After Mr. Evans exited the vehicle, the officer observed a plastic bag on the driver's floorboard that contained methamphetamine. The officer then arrested Mr. Evans.

{¶5} The Portage County Grand Jury indicted Mr. Evans on one count of aggravated possession of drugs, a felony of the third degree, in violation of R.C. 2925.11(A) and (C)(1)(b) (Count 1), and one count of driving under suspension, a misdemeanor of the first degree, in violation of R.C. 4510.11(A) (Count 2). Mr. Evans initially entered pleas of not guilty.

{¶6} In December 2018, Mr. Evans entered a written and oral plea of guilty to Count 1. The trial court accepted Mr. Evans' guilty plea to Count 1, found him guilty, dismissed Count 2, and referred Mr. Evans to the adult probation authority for a pre-sentence investigation and to the Northeast Ohio Community Alternative Program ("NEOCAP") for an evaluation.

{¶7} In February 2019, the trial court held a sentencing hearing. Defense counsel spoke on Mr. Evans' behalf and requested intensive supervised probation so that Mr. Evans could stay involved in his children's lives. He stated that Mr. Evans' criminal record consisted of misdemeanors and driving convictions, other than a 2009 case for which Mr. Evans successfully completed probation; Mr. Evans grew up without a father

2

in his life; Mr. Evans has been participating in programs through children services regarding parenting skills and addiction; and Mr. Evans had no positive drug tests, although he had a misdemeanor case scheduled for arraignment.

{¶8} The state indicated it concurred with the PSI and with NEOCAP.

{¶9} Mr. Evans spoke on his own behalf and referenced his recent sobriety and counseling efforts. The transcript of the sentencing hearing reflects that Mr. Evans' statement ended mid-sentence.

{¶10} The trial court reminded Mr. Evans of the presumption of a prison term for his offense and stated that he had not overcome that presumption. It found that Mr. Evans was not amenable to community control sanctions and that a prison term was warranted. It sentenced to Mr. Evans to a prison term of 24 months with credit for 20 days served, a mandatory fine of $5,000, the indigent assessment and recoupment fee, and court costs.

{¶11} In its sentencing entry memorializing Mr. Evans' sentence, the trial court stated it considered (1) "the purpose [sic] of felony sentencing which is to protect the public from future crime by the Defendant and to punish the Defendant using the minimum sanctions that the Court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources," (2) "the need for incapacitating the Defendant, deterring the defendant and others from future crime, rehabilitating the Defendant, making restitution to the victim of the offense, the public or both," and (3) "the evidence presented by counsel, oral statements, any victim impact statements, the Pre-Sentence Report and the defendant's statement."

{¶12} Mr. Evans appealed and raises the following sole assignment of error:

3

{¶13} "The trial court abused its discretion in sentencing Evans to two (2) years incarceration without considering the factors set forth in R.C. 2929.12."

**Standard of Review**

{¶14} The standard of review for felony sentences is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶16. That provision states as follows:

{¶15} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶16} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶17} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶18} "(b) That the sentence is otherwise contrary to law."

{¶19} Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

4

established. *Marcum* at ¶22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

## R.C. 2929.12

{¶20} In his sole assignment of error, Mr. Evans argues that the trial court abused its discretion in sentencing him to a prison term of 24 months without considering the factors set forth in R.C. 2929.12.

{¶21} As previously indicated, we do not review felony sentences for abuse of discretion. Rather, a sentence is contrary to law if the trial court failed to consider the sentencing factors in R.C. 2929.12. (Citations omitted.) *See State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18. Thus, our review involves whether Mr. Evans has established that his sentence is clearly and convincingly contrary to law.

### *Legal Standards*

{¶22} R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every sentencing. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶36. R.C. 2929.11(A) states that the court "shall be guided by the overriding purposes of felony sentencing," which are "[1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶23} To "achieve those purposes," the court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).

5

{¶24} R.C. 2929.12(A) grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." *Foster* at ¶37. In exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. *Id.* These statutory sections provide a nonexclusive list for the court to consider. *Id.*

### *Analysis*

{¶25} Mr. Evans argues that the trial court sentenced him to incarceration without inferring in the record to any factors set forth in R.C. 2929.12. Mr. Evans cites to *State v. Kerns*, 161 Ohio App.3d 76, 2005-Ohio-2578 (4th Dist.), where the Fourth District Court of Appeals reversed the trial court's sentence after finding the trial court did not adequately consider the R.C. 2929.12 factors. *Id.* at ¶24. Specifically, the Fourth District found as follows:

{¶26} "Although the sentencing entry in this case makes an oblique reference to the effect that the trial court considered those factors set out in R.C. 2929.12, it contains no discussion of those factors or explanation why the trial court decided to sentence appellant to a term of imprisonment one year below the maximum allowable sentence. Moreover, appellant correctly points out that nothing in the transcript indicates that the trial court considered the factors during the sentencing hearing." *Id.* at ¶19.

{¶27} Mr. Evans' reliance on *Kerns* is misplaced. This court follows the Supreme Court of Ohio's holding in *State v. Adams*, 37 Ohio St.3d 295 (1988), that "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Masterson*, 11th Dist. Portage No. 2009-P-0064, 2010-Ohio-4939, ¶12, quoting

6

*Adams* at paragraph three of the syllabus. The defendant has the burden to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. *State v. Nenzoski*, 11th Dist. Portage No. 2007-P-0044, 2008-Ohio-3253, ¶63.

{¶28} Although the trial court in the underlying case did not specifically address the R.C. 2929.12 factors, the record supports the inference that it considered them. A court is not required to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12]." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶29} Here, the trial court stated in its sentencing entry that it considered "the evidence presented by counsel, oral statements, any victim impact statements, the Pre-Sentence Report, and the defendant's statement." We have previously determined that such a finding supports an inference that the trial court properly considered the R.C. 2929.12 factors. *See State v. Bernadine*, 11th Dist. Portage No. 2010-P-0056, 2011-Ohio-4023, ¶37.

{¶30} Further, the trial court expressly found that Mr. Evans did not overcome the presumption of prison for his offense, that he was not amenable to community control sanctions, and that a prison term was warranted. Mr. Evans' offense of aggravated possession of drugs constitutes a felony of the third degree for which there is a presumption for a prison term. *See* R.C. 2925.11(C)(1)(b). Pursuant to R.C. 2929.13(D)(2), the sentencing court may impose community control sanctions instead of a prison term for such an offense if it makes both of the following findings:

{¶31} "(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime,

7

because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

{¶32} "(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."

{¶33} The trial court's findings demonstrate that it considered R.C. 2929.13(D)(2). Consideration of R.C. 2929.13(D)(2) necessarily involves consideration of the R.C. 2929.12 factors. Thus, the record supports an inference that the trial court considered the R.C. 2929.12 factors.

{¶34} Mr. Evans also cites to *State v. Mateo*, 150 Ohio App.3d 489, 2002-Ohio-6852 (1st Dist.), where the First District vacated a defendant's sentence and remanded for resentencing because "the trial court failed to specify that prison was consistent with sentencing purposes." *Id.* at ¶7. In *Mateo*, the record disclosed that the trial court sentenced the defendant to a prison term for a fourth-degree felony, contrary to the statutory presumption of community control sanctions for the offense, merely because of his status as an illegal alien. *Id.* at ¶5.

{¶35} Unlike in *Mateo*, the statutory presumption for Mr. Evans' offense was a prison term. Although not required to do so, the trial court expressly determined that the presumption had not been overcome. There is also no indication in the record that the

8

trial court sentenced Mr. Evans to prison based on an inappropriate factor. Thus, we find *Mateo* to be inapposite to the present matter.

{¶36} Finally, Mr. Evans argues that the trial court did not give him an opportunity to overcome the presumption of a prison term because it did not obtain his full statement at the sentencing hearing.

{¶37} The transcript of the sentencing hearing reflects that Mr. Evans' statement ended mid-sentence and that the trial court began speaking. However, "[a] record * * * unlike a play, is unaccompanied by stage directions" and thus does not disclose significant gestures or express the length of pauses. *State v. Roach*, 7th Dist. Belmont No. 15 BE 0031, 2016-Ohio-4656, ¶13, quoting *Green v. United States*, 365 U.S. 301, 305 (1961). Thus, it is not clear whether Mr. Evans trailed off mid-sentence or whether the trial court interrupted him.

{¶38} Even if the trial court interrupted Mr. Evans, defense counsel had previously given a statement on Mr. Evans' behalf and provided information in mitigation of punishment, including Mr. Evans' recent sobriety and counseling efforts. *See id.* at 17 (finding no error where defense counsel's statement referenced mitigating factors).

{¶39} Accordingly, Mr. Evans has not established by clear and convincing evidence that the trial court failed to consider R.C. 2929.12.

{¶40} Based on the foregoing, the trial court's judgment is affirmed.


THOMAS R. WRIGHT, J.,
MATT LYNCH, J.,
concur.

9