[Cite as *State v. Phifer*, 2020-Ohio-4694.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0010** |
| TAYLOR PHIFER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CR 00424.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, *Ashleigh Musick* and *Ryan J. Sanders,* Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*David L. Engler*, Engler Law Firm, 181 Elm Road, N.E., Warren, Ohio 44483 (For Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1}    Appellant, Taylor Phifer ("Ms. Phifer"), appeals from the judgment of the Trumbull County Court of Common Pleas, which sentenced her to a term of community control combined with a 60-day jail term.

{¶2}    Ms. Phifer raises three assignments of error, contending that the trial court: (1) erred in sentencing her to a disproportionate sentence as compared with her codefendant and sister, who received no jail term; (2) failed to consider and apply all

relevant seriousness and mitigation factors required by R.C. 2929.12; and (3) failed to consider the principles and purposes of sentencing pursuant to R.C. 2929.11.

{¶3} After careful review of the record and pertinent caselaw, we find Ms. Phifer's assignments of error to be without merit. Simply because Ms. Phifer's sister was sentenced to community control without the added jail term does not equate to Ms. Phifer receiving a disproportionate or inconsistent sentence. Sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency. Moreover, and as applied to all three assignments of error, Ms. Phifer failed to demonstrate by clear and convincing evidence that the trial court failed to properly consider the statutory guidelines and factors in R.C. 2929.11 and R.C. 2929.12.

{¶4} The judgment of the Trumbull County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶5} In June of 2019, the Trumbull County Grand Jury indicted Ms. Phifer on one count of aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1) and (B).

{¶6} The indictment arose from an incident in May of 2019, where Ms. Phifer and her codefendant and sister, Shampaine , forcibly entered into the dwelling of victim Tierra Newsom and assaulted her.

{¶7} Ms. Phifer pleaded guilty to an amended indictment of one count of burglary, a third-degree felony, in violation of R.C. 2911.12(A)(3) and (D).

2

{¶8} At the sentencing hearing, Ms. Phifer spoke on her own behalf in the following colloquy with the court:

{¶9} "THE COURT: Miss Phifer, is there anything you would like to say about you, your arrest, or anything in the way of mitigation of punishment?

{¶10} "THE DEFENDANT: The case is really my sister. It was all her. I was trying to break them up. That's all on my behalf. And just got – she just was acting crazy that night. I just don't understand.

{¶11} "THE COURT: So you didn't do anything wrong by going into somebody's house uninvited?

{¶12} "THE DEFENDANT: We fell into the house. I was trying to pull her off of her – off of him. We fell into the house. We didn't force our way into the house.

{¶13} "[PROSECUTOR]: Your Honor, the State is not in a position at this point where we want to litigate the case.

{¶14} "THE COURT: I read where you refused to acknowledge any responsibility for your actions. You don't think you did anything wrong, do you?

{¶15} "THE DEFENDANT: As far as my sister – the only thing I feel like I was wrong is when the officer was asking for my name, but I couldn't give it to him at that moment. But when he asked for it at the hospital, I gave it to him –."

{¶16} Both at the hearing and in the sentencing entry, the trial court stated that it considered the record, oral statements, victim impact statements, the principles and purposes of R.C. 2929.11, and the seriousness and recidivism factors of R.C. 2929.12. The court then sentenced Ms. Phifer to five years of community control, which included a 60-day jail term as one of the conditions.

3

{¶17} Ms. Phifer filed the instant appeal and a motion for a stay of her sentence in this court, which we granted with respect to the jail sentence.

{¶18} Ms. Phifer now raises three assignments of error for our review:

{¶19} "[1.] The trial court committed prejudicial error and violated Appellant's rights to Due Process of Law under the Fifth and Fourteenth Amendments to the U.S. Constitution and right to Due Course of Law under Article I, [Sec.] 16 of the Ohio Constitution when it sentenced her contrary to O.R.C. 2929.11(B) which requires that the sentence imposed for a felony 'be consistent with sentences imposed for similar crimes committed by similar offenders.'

{¶20} "[2.] The Trial Court did not consider and apply all relevant seriousness and mitigation factors as required by O.R.C. 2929.12.

{¶21} "[3.] The Trial Court did not fairly consider the principles and purposes of sentencing pursuant to O.R.C. 2929.11 before it ordered Appellant to serve a sentence of incarceration."

### Felony Sentencing

{¶22} The standard of review for felony sentences is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶16. That provision states as follows:

{¶23} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶24} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to

the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶25} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶26} "(b) That the sentence is otherwise contrary to law."

{¶27} Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. It is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. *Marcum* at ¶22, quoting *Cross* at paragraph three of the syllabus.

{¶28} Pursuant to R.C. 2953.08(G)(2) and *Marcum*, we cannot vacate or modify Ms. Phifer's sentence unless we clearly and convincingly find that the record does not support her sentence. *See State v. Burton,* 11th Dist. Lake No. 2019-L-087, 2020-Ohio-440, ¶13, *appeal not accepted*, 159 Ohio St.3d 1447, 2020-Ohio-3712, citing *Marcum* at ¶ 23-24.

{¶29} R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every sentencing. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶36.

{¶30} R.C. 2929.11(A) states that the court "shall be guided by the overriding purposes of felony sentencing," which are "[1] to protect the public from future crime by

5

the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶31} To "achieve those purposes," the court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶32} R.C. 2929.12(A) grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." *Foster* at ¶37. In exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. *Id.* These statutory sections provide a nonexclusive list for the court to consider. *Id.*

**Consistent Sentences**

{¶33} In her first assignment of error, Ms. Phifer asserts that her 60-day jail sentence is inconsistent and disproportionate with sentences imposed for similar crimes for similar offenders. More specifically, Ms. Phifer's sister, Shampaine, did not receive a jail sentence as a condition of her community control after pleading guilty to the same offense.

{¶34} Simply because Ms. Phifer was sentenced to a jail term and her sister does not equate to her receiving a disproportionate or inconsistent sentence. There is no right to parity in sentencing and "'no requirement that co-defendants receive equal

6

sentences[,]' and as such, a defendant cannot challenge his sentence because it is disproportionate from that of his codefendant's." (Citations omitted.) *State v. Leffel*, 11th Dist. Ashtabula No. 2017-A-0085, 2019-Ohio-1840, ¶43.

{¶35} Thus, "sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses." (Citations omitted.) *State v. O'Keefe*, 11th Dist. Lake No. 2018-L-088, 2019-Ohio-841, ¶17, *appeal not accepted,* 156 Ohio St.3d 1454, 2019-Ohio-2780. "Instead, 'it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency.'" (Citation omitted.) *Id.* In order to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory guidelines and factors. (Citations omitted.) *Id.* Appellate courts then can review "whether the sentence is proportionate to the severity of the offense committed." (Citation omitted.) *State v. Sankey*, 11th Dist. Ashtabula No. 2017-A-0080, 2018-Ohio-2677, ¶10.

{¶36} "[W]hen there is a multiple codefendant situation and those co-defendants are essentially charged with the same crimes, what may seem to be a disparity in certain situations may not be a disparate sentence. This may occur when the records submitted in such cases provide a different table of review which may appropriately result in a varied sentence in a given case when evaluated according to the pertinent statutory criteria." (Citations omitted.) *State v. Nelson*, 11th Dist. Lake No. 2008-L-072, 2008-Ohio-5535, ¶21.

{¶37} In this case, Ms. Phifer pleaded guilty to burglary, a third-degree felony, in violation of R.C. 2911.12(A)(3) and (D). Because Ms. Phifer did not have any prior convictions for that offense, the trial court had discretion to impose a prison term between

7

nine and 36 months. *See* R.C. 2929.14(A)(3)(b). But, since the imposition of a prison term was not mandatory for her offense, the trial court had the discretion pursuant to R.C. 2929.15(A)(1) to impose community control sanctions. As a condition of community control, the defendant can be ordered to serve a jail term of "up to six months." R.C. 2929.16(A)(2); *State v. Pritschau*, 11th Dist. Lake No. 2015-L-115, 2016-Ohio-7147, ¶23.

{¶38} Accordingly, as a condition of her five-year sentence to community control, the trial court ordered Ms. Phifer to serve a 60-day jail term. Thus, the trial court did not exceed the statutory maximum jail term. Moreover, Ms. Phifer failed to demonstrate that the trial court failed to properly consider the statutory guidelines and factors.

{¶39} Ms. Phifer's first assignment of error is without merit.

### R.C. 2929.12 Sentencing Factors

{¶40} In her second assignment of error, Ms. Phifer submits that the trial court did not consider and apply all relevant seriousness and mitigation factors pursuant to R.C. 2929.12. She contends the only "seriousness" factor that could apply in this case is R.C. 2929.12(B)(6), which involves whether "[t]he offender's relationship with the victim facilitated the offense." She further contends that this factor is far outweighed by several R.C. 2929.12(C) mitigation factors: (2) "[i]n committing the offense, the offender acted under strong provocation"; (3) "[i]n committing the offense, the offender did not cause or expect to cause physical harm to any person or property"; and (4) "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

{¶41} A review of the record and sentencing hearing transcript reveals the trial court considered the seriousness and recidivism factors of R.C. 2929.12 both at the

8

hearing and in its judgment entry. At the sentencing hearing, the trial court stated that it "considered the overriding principles and purposes of felony sentencing, has further considered all relevant seriousness and recidivism factors. The Court finds the sentence shall be proportional to Defendant's conduct as well as consistent with similarly situated offenders." And, further, in its sentencing judgment entry, the trial court stated that it "considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11 and has balanced the seriousness and recidivism factors in R.C. 2929.12."

{¶42} As we recently stated in response to the same argument in *State v. Evans*, 11th Dist. Portage No. 2019-P-0051, 2020-Ohio-736:

{¶43} "'A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.' *State v. Masterson*, 11th Dist. Portage No. 2009-P-0064, 2010-Ohio-4939, ¶12, quoting [*State v. Adams,* 37 Ohio St.3d 295 (1988), paragraph three of the syllabus]. The defendant has the burden to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. *State v. Nenzoski*, 11th Dist. Portage No. 2007-P-0044, 2008-Ohio-3253, ¶63.

{¶44} "Although the trial court in the underlying case did not specifically address the R.C. 2929.12 factors, the record supports the inference that it considered them. A court is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12].' *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶45} "Here, the trial court stated in its sentencing entry that it considered 'the evidence presented by counsel, oral statements, any victim impact statements, the Pre-

Sentence Report, and the defendant's statement.' We have previously determined that such a finding supports an inference that the trial court properly considered the R.C. 2929.12 factors. *See State v. Bernadine*, 11th Dist. Portage No. 2010-P-0056, 2011-Ohio-4023, ¶37." *Id.* at ¶27-29.

{¶46} A review of the hearing transcript demonstrates the trial court was concerned with Ms. Phifer's refusal to acknowledge any responsibility for her actions or show remorse. She placed blame for the incident on her sister and told the court she did not go into somebody's house uninvited but "fell into the house" and that "the only thing I feel like I was wrong is when the officer was asking me for my name, but I couldn't give it to him at that moment. But when he asked for it at the hospital, I gave it to him –."

{¶47} Her submission with her motion to modify sentence only cemented the impression as to her lack of remorse when she wrote that "I truly regret and hate that day because I ended up in the most trouble behind everyone else over something that had nothing to do with me."

{¶48} R.C. 2929.12(E)(5) requires the trial court to consider if "[t]he offender shows genuine remorse for the offense" as a factor "indicating that the offender is not likely to commit future crimes." Moreover, "the trial court is in the best position to determine the genuineness of the remorse expressed by a defendant." *State v. Anthony*, 11th Dist. Lake No. 2019-L-045, 2019-Ohio-5410, ¶151, *appeal not accepted*, 158 Ohio St.3d 1467, 2020-Ohio-1393, citing *State v. Davis*, 11th Dist. Lake No. 2003-L-027, 2004-Ohio-2076, ¶29.

**{¶49}** Ms. Phifer has not established by clear and convincing evidence that the trial court failed to consider the factors of R.C. 2929.12. Indeed, the 60-day jail term was only one of the sanctions and conditions imposed as part of her community control.

**{¶50}** Ms. Phifer's second assignment of error is without merit.

### R.C. 2929.11 Principles and Purposes of Sentencing

**{¶51}** In her third and final assignment of error, Ms. Phifer contends the trial court did not fairly consider the principles and purposes of sentencing pursuant to R.C. 2929.11 before sentencing Ms. Phifer to a 60-day term in jail. She claims the trial court only had to consider her case and her sister's. She further argues this was her first offense and that a jail-term would conflict with the other numerous conditions of her community control.

**{¶52}** As previously noted, the court expressly stated it considered the purposes and principles of sentencing. A trial court is not required to use specific language to demonstrate its consideration of R.C. 2929.11. *State v. Russell,* 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243, ¶57, citing *State v. DiBell,* 11th Dist. Ashtabula Nos. 2019-A-0052, et al., 2020-Ohio-734, ¶13. Further, "the trial court possesses broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines." *Id.* at ¶60, quoting *State v. Price*, 11th Dist. Geauga No. 2007-G-2785, 2008-Ohio-1134, ¶31; R.C. 2929.12(A).

**{¶53}** Ms. Phifer has not established by clear and convincing evidence that the trial court was not guided by the principles and purposes of R.C. 2929.11 or that her sentence of community control, which included a 60-day jail term, was not reasonably calculated to achieve the principles and purposes of sentencing. Since Ms. Phifer has

11

failed to demonstrate her sentence is contrary to law, her third assignment of error is without merit.

{¶54} The judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.