[Cite as *State v. Smith*, 2021-Ohio-105.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2020-L-025** |
| - vs - | : | |
| GARY G. SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 000824.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, Ohio 44109 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Gary G. Smith ("Mr. Smith"), appeals his sentence of 36 months in prison following his guilty plea to aggravated vehicular assault and operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them ("OVI").

{¶2} Mr. Smith contends that his felony sentence is contrary to law because the trial court failed to properly consider and weigh the relevant statutory factors pursuant to

R.C. 2929.11 and R.C. 2929.12 and because the record does not clearly and convincingly support the sentence imposed.

{¶3}    A review of the sentencing hearing transcript and judgment entry reveals Mr. Smith has failed to establish by clear and convincing evidence that his felony sentence is contrary to law.

{¶4}    The Supreme Court of Ohio's recent decision in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, held that the statutory requirements of R.C. 2929.11 and 2929.12 are not subject to appeal based upon the lack of support in the record for the trial court's findings made under those two sections pursuant to R.C. 2953.08 because R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Thus, our appellate review is so limited.

{¶5}    In *Jones*, the Supreme Court of Ohio clarified its decision in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, specifically noting that "[t]he statements in *Marcum* at ¶ 23 suggesting that it would be 'fully consistent' with R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under R.C. 2929.11 or 2929.12 were made only in passing and were not essential to the court's legal holding.  The statements are therefore dicta."  *Id.* at ¶27.

{¶6}    The *Jones* decision also made it clear that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."  *Id.* at ¶42.

{¶7}    There is nothing to indicate the trial court in this case failed to consider the principles and purposes of sentencing pursuant to R.C. 2929.11 and the

seriousness/recidivism factors of R.C. 2929.12. Thus, the judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural Facts

{¶8} In August 2018, the Lake County Grand Jury indicted Mr. Smith on three counts: (1) aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1)(a); (2) OVI, an unclassified misdemeanor, in violation of R.C. 4511.19(A)(1)(a); and (3) OVI, an unclassified misdemeanor, in violation of R.C. 4511.19(A)(1)(f).

{¶9} At a plea hearing several months later, Mr. Smith entered pleas of guilty to the first two counts. In exchange, the state agreed to move the court to dismiss the remaining OVI count at the subsequent sentencing hearing.

{¶10} The state stated at the plea hearing that if the case had proceeded to trial, the evidence would have shown that on February 15, 2018, in Mentor, Ohio, Mr. Smith was driving while intoxicated on Lakeshore Blvd. with his adult son, Jeffrey Smith ("Jeffrey"). Mr. Smith missed a curve in the road and hit a road sign and a tree. It was immediately apparent that his son suffered serious physical harm as a result of the collision. Jeffrey was life-flighted to Cleveland Metropolitan General Hospital for a broken femur, hip, and ribs. Mr. Smith's blood alcohol concentration ("BAC") was .315, nearly four times the legal limit of .08.

{¶11} Relevant to the charge of aggravated vehicular assault, Mr. Smith had previously been convicted of OVI on September 28, 2011, and on June 16, 2008, making the current OVI his third within a period of ten years and his fifth in total.

3

{¶12} At the sentencing hearing, the trial court stated that it had considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department, as well as the principles and purposes of sentencing pursuant to R.C. 2929.11, and had balanced the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶13} Since prison time is mandatory on count one, aggravated vehicular assault, the court ordered Mr. Smith to serve a 36-month term of imprisonment concurrently to a six-month sentence on count two, OVI. The trial court imposed a mandatory fine of $850.00 on count one and suspended Mr. Smith's driver's license for six years.

{¶14} Mr. Smith now appeals, assigning one error for our review:

{¶15} "Appellant's sentence is contrary to law because the trial court failed to properly consider and weigh the relevant statutory factors, and because the record does not clearly and convincingly support the sentence imposed."

### Felony Sentencing Standard of Review

{¶16} Mr. Smith only challenges his 36-month prison sentence for the third degree-felony count of aggravated vehicular assault; thus, we apply the standard of review for felony sentences, which is governed by R.C. 2953.08(G)(2). *Marcum* at ¶16. It states as follows:

{¶17} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶18} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand

4

the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶19} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶20} "(b) That the sentence is otherwise contrary to law."

{¶21} The *Marcum* court held that "R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.'" *Id.* at ¶22.

{¶22} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶23} As noted earlier, in *Jones, supra*, the Supreme Court of Ohio recently clarified that contrary to the "dicta" in *Marcum*, R.C. 29530.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶29; *see*

*Marcum* at ¶23. *See also State v. Patrick*, Slip Opinion No. 2020-Ohio-6803, ¶67 (Donnelly, J., concurring), fn. 2 (the failure to observe the statutory requirements of R.C. 2929.11 and 2929.12 is not subject to appeal pursuant to R.C. 2953.08).

**{¶24}** Thus, our review of Mr. Smith's argument that the trial court erred in weighing the statutory factors of R.C. 2929.11 and 2929.12 is extremely limited.

### R.C. 2929.11 and R.C. 2929.12

**{¶25}** R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every sentencing. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶36.

**{¶26}** R.C. 2929.11(A) states that the court "shall be guided by the overriding purposes of felony sentencing," which are "[1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

**{¶27}** To "achieve those purposes," the court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

**{¶28}** R.C. 2929.12(A) grants the sentencing judge discretion "'to determine the most effective way to comply with the purposes and principles of sentencing.'" *Foster* at ¶37, quoting R.C. 2929.12(A). In exercising that discretion, the court shall consider, along with any other "'relevant'" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. *Id.*, quoting R.C.

2929.12(A). These statutory sections provide a nonexclusive list for the court to consider. *Id.*

{¶29} A violation of R.C. 2903.08(A), aggravated vehicular assault, a third-degree felony, carries a mandatory prison term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months. R.C. 2929.14(A)(3)(a).

{¶30} Mr. Smith concedes his 36-month prison sentence is within the statutory range. He contends, however, that the trial court incorrectly weighed the statutory factors and should have recognized that his conduct was less serious and that he was less likely to reoffend in the future.

{¶31} A review of the sentencing hearing and sentencing judgment entry reveals the trial court stated for the record that it considered the purposes and principles set forth in R.C. 2929.11.

{¶32} The court then turned to the factors of R.C. 2929.12, finding that serious physical harm was part of the instant offense and that Mr. Smith's .315 BAC was more serious because "it's not usual seeing offenses with someone's alcohol level so high."

{¶33} Next, the court considered the "less serious" factors, finding that while in most vehicular assaults, the victim is an innocent bystander, in this case, the victim, Mr. Smith's son, put himself in the position where he was a passenger in the car of someone he knew was intoxicated.

{¶34} As for recidivism, the court reviewed Mr. Smith's lengthy history of OVI convictions, with the present offense being his fifth. The court noted that Mr. Smith clearly had an alcohol problem that related to the offense and that Mr. Smith denied needing

treatment. The court noted that, as factors indicating recidivism was less likely, Mr. Smith has no other criminal convictions and showed genuine remorse.

{¶35} The court reviewed that vehicular assault carries a mandatory prison term; prison is consistent with the principles and purposes of sentencing; Mr. Smith is not amenable to any type of community control sanctions; and the court does not have to the opportunity to even consider that option in this case.

{¶36} The court found that in this particular case the minimum sentence would demean the seriousness of the offenses, again citing Mr. Smith's .315 BAC, his five prior OVI convictions, and the serious injuries suffered by his son in this incident. The court found, however, that the maximum sentence recommended by the state was not appropriate under these circumstances and would be inconsistent with the court's previous cases and the state's recommendations in those cases.

{¶37} Thus, as our review indicates, we find that the trial court expressly considered the factors of R.C. 2929.12. Simply because Mr. Smith disagrees with the trial court's weight given to the various factors does not equate to his sentence being contrary to law. "[T]he trial court possesses broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines. *State v. Phifer*, 11th Dist. Trumbull No. 2020-T-0010, 2020-Ohio-4694, ¶52; R.C. 2929.12(A).

{¶38} As we noted above, the Supreme Court of Ohio's recent decision in *Jones* clarified that "although R.C. 2929.11 and 2929.12 are statutory sentencing requirements mandated by the General Assembly for every felony sentence, the failure to comply with those statutory sentencing requirements is not subject to appeal pursuant to R.C.

8

2953.08." *Patrick, supra,* at ¶67 (Donnelly, J., concurring), fn. 2; *see Jones* at ¶29. Even if the failure to comply with R.C. 2929.11 and 2929.12 were subject to appeal, there is no indication that the trial court did not consider the statutory requirements or that the sentence is contrary to law.

{¶39} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.