[Cite as *State v. Houk*, 2021-Ohio-4618.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>        Plaintiff-Appellee,<br><br>- v -<br><br>STEPHEN T. HOUK,<br><br>        Defendant-Appellant. | CASE NO. 2021-L-077<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2021 CR 000378 |

### O P I N I O N

Decided: December 30, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Jamie R. Eck*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1}     Appellant, Stephen T. Houk ("Mr. Houk"), appeals from the judgment of the Lake County Court of Common Pleas, which sentenced him to 36 months in prison after he pleaded guilty to one count of domestic violence, a third-degree felony.

{¶2}     Mr. Houk contends his sentence is contrary to law because the trial court erred when it imposed the maximum prison term, and further, the court's findings under R.C. 2929.11 and R.C. 2929.12 emphasized punishing the offender and did not consider mitigating factors, i.e., his remorse and willingness to seek treatment.

{¶3} After a review of the record and pertinent law, we affirm the trial court's judgment. The trial court explicitly stated both at the sentencing hearing and in the sentencing entry that it considered the principles and purposes of felony sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Moreover, the trial court thoroughly reviewed Mr. Houk's lengthy criminal history of violence against others, the severe injuries of the victim, and the threats and menacing jail house calls with the victim made prior to sentencing. Most fundamentally, we are not permitted to independently reweigh on appeal the competing factors in R.C. 2929.11 and R.C. 2929.12, and there is nothing to suggest Mr. Houk's sentence is contrary to law.

{¶4} Finding Mr. Houk's sole assignment of error to be without merit, the judgment of the Lake County Court of Common Pleas is affirmed.

### Substantive and Procedural History

{¶5} After being bound over from the Painesville Municipal Court, Mr. Houk was charged by way of information with one count of domestic violence in violation of R.C. 2919.25(A), a third-degree felony pursuant to R.C. 2929.25(D)(4) because he was previously convicted of or pleaded guilty to two or more offenses of domestic violence: the first in the Cleveland Municipal Court, case no. 2010 CRB 037335, on November 4, 2010, and the second in the Cuyahoga County Court of Common Pleas, case no. CR-16-606499-A, on July 6, 2017.

{¶6} Mr. Houk and the victim ("A.P.") were living together with their child and A.P.'s two children from a prior relationship. Mr. Houk also has another child from a previous relationship who lives with her aunt in Cleveland, Ohio.

{¶7} At the plea hearing, the prosecutor stated the facts of the incident for the record, reviewing that on March 6, 2021, in Madison Township, Lake County, officers

2

were called to the home of Mr. Houk and A.P. The officers investigated and determined that Mr. Houk and A.P. had been in a violent argument. A.P. was calling family members to help her move out of the home when Mr. Houk broke down the door, took her phone, and threw her against a child's crib. He threw her to the ground and sat on top of her, punching and smacking her in the face. After he threw a glass jar at her head, which caused a 3-centimeter laceration, Mr. Houk told A.P. to shower "to clean up her blood" before the police arrived. A.P. was taken to the hospital for treatment for the cut and contusions on her head, two black eyes, and a cut lip.

{¶8} The trial court accepted Mr. Houk's guilty plea to the one count of domestic violence, found him guilty, and set the matter for a presentence investigation, a victim impact statement, and a drug and alcohol assessment.

{¶9} Several weeks later at the sentencing hearing, A.P. and her grandmother spoke on Mr. Houk's behalf and asked the court to consider community control sanctions in lieu of prison. Mr. Houk also apologized to A.P. and the court, citing his problems with alcohol that began after a friend passed away in his arms from an overdose of drugs. Mr. Houk stated that he "was just showing you how sincere I am," which prompted the court to state he was "not sincere." Mr. Houk questioned the court as to his sincerity, and the court in turn, questioned Mr. Houk as to what "no face no case" means to him, referring to a recorded jail house call between Mr. Houk and A.P.

{¶10} The court also questioned Mr. Houk as to his previous domestic violence convictions, in which Mr. Houk assaulted his first wife, and a felonious assault from an incident in the Cuyahoga County jail. The court inquired, "[W]hy are you on the phone and telling [A.P.] what to put in the letter and say in Court?" The court decided to delay sentencing so that it could further review the jail house calls.

3

{¶11} At the second sentencing hearing, the court questioned Mr. Houk as to his apparent cycle of violence. The court noted that Mr. Houk appeared menacing, threatening, and dangerous, most especially toward A.P. A.P. again spoke in open court, reiterating that she and Mr. Houk have a family and that Mr. Houk would not benefit from prison. The state reviewed that the police had a history of responding to the home of Mr. Houk and A.P., and recommended a 24-month prison sentence.

{¶12} Before imposing its sentence and in the sentencing entry, the trial court stated that it reviewed the presentence report, the drug and alcohol evaluation, the victim impact statement, letters sent by Mr. Houk, as well as the statements made during the hearing, in addition to "all aspects of R.C. 2929.11 and R.C. 2929.12 in their entirety." The court found Mr. Houk displayed no genuine remorse and that he appeared to be extremely dangerous to others, particularly to A.P. The court concluded that Mr. Houk was not amenable to community control and sentenced him to 36 months in prison with credit for 94 days.

{¶13} Mr. Houk raises one assignment of error for our review:

{¶14} "The trial court erred by sentencing the defendant-appellant to the maximum prison term of thirty-six months, as the trial court's findings with respect to R.C. 2929.11 and 2929.12 were unsupported by the record and thus, contrary to law."

**Felony Sentencing Standard of Review**

{¶15} In his sole assignment of error, Mr. Houk contends his sentence is contrary to law because the trial court's findings pursuant to R.C. 2929.11 and 2929.12 were unsupported by the record.

4

{¶16} Thus, we apply the standard of review for felony sentences, which is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Pursuant to R.C. 2953.08(G)(2):

{¶17} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶18} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶19} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶20} "(b) That the sentence is otherwise contrary to law."

{¶21} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶22} The Supreme Court of Ohio in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, recently clarified that contrary to the "dicta" in *Marcum*, R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a

5

sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29; *see Marcum* at ¶ 23. *See also State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 67, fn. 2 (Donnelly, J., concurring) (the failure to observe the statutory requirements of R.C. 2929.11 and 2929.12 is not subject to appeal pursuant to R.C. 2953.08). "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. Moreover, the *Jones* majority clarified that the term "otherwise contrary to law" under R.C. 2953.08(G)(2)(b) does not encompass an appellate court's conclusion that a sentence is not supported by the record. *Id.* at ¶ 32.

{¶23} Thus, our review of Mr. Houk's argument that the trial court failed to consider the purposes and principles of R.C. 2929.11 and R.C. 2929.12 is extremely limited.

{¶24} We note that Mr. Houk expresses some confusion in his assignment of error as to what constitutes "contrary to law" pursuant to R.C. 2953.08(G)(2). In light of *Jones*, we interpret Mr. Houk's argument to mean that the sentence is not supported by the record pursuant to R.C. 2929.11 and R.C. 2929.12 *and* is "otherwise contrary to law."

### R.C. 2929.11 and R.C. 2929.12

{¶25} R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every sentencing. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36.

{¶26} R.C. 2929.11(A) states that the court "shall be guided by the overriding purposes of felony sentencing," which are "[1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective

6

rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶27} To "achieve those purposes," the court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶28} R.C. 2929.12(A) grants the sentencing judge discretion "'to determine the most effective way to comply with the purposes and principles of sentencing.'" *Foster* at ¶ 37, quoting R.C. 2929.12(A). "In exercising that discretion, the court shall consider, along with any other 'relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12." *Id.*, quoting R.C. 2929.12(A). These statutory sections provide a nonexclusive list for the court to consider. *Id.*

{¶29} The trial court possesses broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines. *State v. Phifer*, 11th Dist. Trumbull No. 2020-T-0010, 2020-Ohio-4694, ¶ 52; R.C. 2929.12(A). The statutes do not mandate judicial fact-finding, and when a sentencing court states that it has considered these factors, it fulfills its duty. *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18. Even a silent record raises the presumption that the sentencing court considered all relevant factors. *Id.*; *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

{¶30} Mr. Houk acknowledges that the trial court stated both at the sentencing hearing and in the sentencing entry that it considered the purposes and principles of

7

sentencing in R.C. 2929.11 and that it balanced the seriousness and recidivism factors in R.C. 2929.12.  He argues, however, that the trial court's sentence appears guided by only one purpose of felony sentencing:  to punish the offender.  Mr. Houk claims his sentence was erroneous given the mitigating factors presented at the hearing, i.e., his desire to take responsibility and his acknowledgment of his need for treatment.

{¶31}  The record before us reveals Mr. Houk's violent criminal history against others, which has spanned over the last decade; his likelihood to reoffend; the victim's severe injuries; and his lack of remorse, as evidenced by the troubling jail house calls with A.P. in which he threatened her in a menacing manner and encouraged her to flee to New Mexico so that he could evade charges.  Thus, even if this court could independently review and weigh the evidence, it cannot be said the sentence is not supported by this record, and there is nothing in the record to suggest Mr. Houk's sentence is contrary to law.

{¶32}  Finding Mr. Houk's assignment of error to be without merit, the judgment the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-L-077