[Cite as *State v. Schmidt*, 2026-Ohio-1913.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

ERIC A. SCHMIDT,

        Defendant-Appellant.

| CASE NO. 2025-G-0037 |
| --- |
| Criminal Appeal from the Court of Common Pleas |
| Trial Court No. 2025 C 000015 |

---

## OPINION AND JUDGMENT ENTRY

Decided: May 26, 2026
Judgment: Affirmed in part, reversed in part, and remanded

---

*James R. Flaiz*, Geauga County Prosecutor, and *Christian A. Bondra*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*S. Michael Lear*, Zukerman, Lear, Murray & Brown, Co., L.P.A., 3912 Prospect Avenue East, Cleveland, OH 44115 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} Appellant, Eric A. Schmidt, appeals the judgment of the Geauga County Court of Common Pleas, sentencing him to an indefinite prison term of a minimum of six years up to a maximum of nine years after he pleaded guilty to one count of illegal use of a minor in a nudity-oriented material or performance. After a careful review of Schmidt's assignments of error, the record, and pertinent law, we affirm Schmidt's conviction but reverse his sentence in part and remand for the limited purpose of a resentencing hearing so the trial court may properly advise Schmidt of the mandatory indefinite sentence notifications pursuant to R.C. 2929.19(B)(2)(c).

{¶2}   On March 3, 2025, after being bound over from Chardon Municipal Court, a Geauga County Court of Common Pleas grand jury indicted Schmidt on three counts of illegal use of a minor in a nudity-oriented material or performance, second-degree felonies, in violation of R.C. 2907.323(A)(1), and one count of disseminating matter harmful to juveniles, a fifth-degree felony, in violation of R.C. 2907.31(A)(1).

{¶3}   On August 4, 2025, Schmidt pleaded guilty to one count of illegal use of a minor in a nudity-oriented material or performance.  At the plea hearing, the State reviewed the facts of the offense, stating that Schmidt had engaged in a conversation with the 16-year-old victim on Snapchat, an online messaging and picture app.  This resulted in Schmidt paying the victim for nude pictures and sending the victim a graphic photograph of himself.  After accepting Schmidt's plea, the court deferred the matter for a presentence investigation ("PSI") and a sentencing hearing.

{¶4}   On September 11, 2025, the sentencing hearing was held.  Defense counsel advocated a suspended prison sentence, noting Schmidt had voluntarily entered treatment.  The State argued that a six-year term of imprisonment and registration as a Tier II sex offender was appropriate, given the victim was a minor and Schmidt's position as a teacher.  Schmidt expressed remorse and informed the court of the counseling he had received since being indicted and his health issues from suffering a stroke in 2024.

{¶5}   As relevant to the instant appeal, the court stated that it "must also consider the seriousness and recidivism factors outlined in Revised Code 2929.12.  Factors indicating whether the offender's conduct is more or less serious, and whether or not the offender is more or less likely to commit crimes in the future."  The court then reviewed the circumstances of the instant offense, noting its seriousness and Schmidt's "grooming behavior" of the victim, where he repeatedly told the victim he knew where she lived and

offered to meet her in person. The court further remarked on Schmidt's knowledge of the victim's age from their first conversation, his position as a schoolteacher of children the victim's age, the fact that Schmidt knew what he was doing was wrong, and his statement in the PSI report attempting to blame the victim.

{¶6} The trial court imposed an indefinite prison sentence of a minimum of six years up to a maximum of nine years, ordered Schmidt to pay a fine of $10,000, and informed him of his duties to register as a Tier II sex offender. Of the indefinite sentencing notifications required by R.C. 2929.19(B)(2)(c), the trial court notified Schmidt that he "is presumed to have completed [his] sentence upon expiration of the minimum six-year sentence unless the Department of Rehabilitation and Correction rebuts the presumption at a hearing held pursuant to Revised Code 2967.271."

{¶7} Schmidt timely appealed and raises two assignments of error for our review:

{¶8} "[1.] The Trial Court erred by failing to state that it had considered the factors set forth in R.C. 2929.12 prior to imposing sentence upon Appellant and, accordingly, the sentence at issue herein is contrary to law.

{¶9} "[2.] The Trial Court erred by failing to properly and completely notify Appellant of the statutory notifications regarding consequences of an indefinite sentence, as required by R.C. 2929.19(B)(2)(c), prior to imposing sentence upon Appellant and, accordingly, the sentence at issue herein is contrary to law."

## Felony Sentencing Standard of Review

{¶10} In both assignments of error, Schmidt challenges his felony sentence. The standard of review for felony sentences is governed by R.C. 2953.08(G)(2). *See State v. Marcum*, 2016-Ohio-1002, ¶ 16. Pursuant to R.C. 2953.08(G)(2):

Case No. 2025-G-0037

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶11} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶12} We agree with the State's contention that we review Schmidt's assignments of error for plain error because he failed to object at the sentencing hearing. The Supreme Court of Ohio has recognized, "'otherwise contrary law' means 'in violation of statute or legal regulations at a given time.'" *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). Thus, a sentence that is contrary to law rises to the level of plain error. *See, e.g., State v. Aikens*, 2016-Ohio-2795, ¶ 65 (11th Dist.) (failure to make findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses is contrary to law and constitutes plain error); *State v. Efford*, 2023-Ohio-3360, ¶ 18 (8th Dist.) ("It is

Case No. 2025-G-0037

well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error.").

## R.C. 2929.12 Factors

{¶13} In his first assignment of error, Schmidt contends the trial court failed to affirmatively state it considered the factors set forth in R.C. 2929.12 prior to imposing his sentence. Schmidt recognizes the court stated, "it must consider the factors outlined in R.C. 2929.12," but he contends the court's failure to state it actually did consider them renders his sentence contrary to law.

{¶14} R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every felony sentencing. *State v. Foster*, 2006-Ohio-856, ¶ 36.

{¶15} R.C. 2929.12(A) "grants the sentencing judge discretion 'to determine the most effective way to comply with the purposes and principles of sentencing.'" *Id.* at ¶ 37, quoting R.C. 2929.12(A); *accord State v. Phifer*, 2020-Ohio-4694, ¶ 52 (11th Dist.). "[I]n exercising that discretion, the court shall consider, along with any other 'relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12." *Id.*, quoting R.C. 2929.12(A). These statutory sections provide a nonexhaustive list of factors for the court to consider. *Id.*

{¶16} "The statutes do not mandate judicial fact-finding, and when a sentencing court states that it has considered these factors, it fulfills its duty." *State v. DeLuca*, 2021-Ohio-1007, ¶ 18 (11th Dist.). "Even a silent record raises the presumption that the sentencing court considered all relevant factors." *Id.*; *accord State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus.

{¶17} Contrary to Schmidt's contention, there is no distinction between the court stating that it was required to consider the R.C. 2929.12 factors and stating that it actually

Case No. 2025-G-0037

did consider them. Such a statement would be superfluous. In addition, although the court could have remained silent, it stated its findings for the record.

{¶18} Schmidt has not overcome the presumption that the trial court considered the relevant factors set forth in R.C. 2929.12. Further, his sentence is within the statutory range.

{¶19} Since there is no error in the court's consideration of the factors set forth in R.C. 2929.12, Schmidt's first assignment of error is without merit.

## R.C. 2929.19(B)(2)(c) Notifications

{¶20} In his second assignment of error, Schmidt contends his indefinite sentence is contrary to law because the trial court failed to properly notify him of the indefinite sentencing advisements required by R.C. 2929.19(B)(2)(c).

{¶21} Pursuant to R.C. 2929.19(B)(2)(c), "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required," and "[i]f the prison term is a non-life felony indefinite prison term," the court shall "notify the offender of all the following:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned

Case No. 2025-G-0037

early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶22} "By indicating the sentencing court 'shall do all of the following' and 'notify the offender of all of the following,' the legislature clearly placed a mandatory duty upon the trial court rather than granting it discretion." *State v. Miller*, 2025-Ohio-5749, ¶ 29 (5th Dist.). "Thus, when sentencing an offender to a non-life felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of all five notifications set forth in R.C. 2929.19(B)(2)(c) *at the sentencing hearing* to fulfill the requirements of the statute." (Emphasis sic.) *Id.*, quoting *State v. Abdus-Salaam*, 2024-Ohio-2773, ¶ 80 (5th Dist.), citing *State v. Wolfe*, 2020-Ohio-5501, ¶ 36 (5th Dist.); *State v. Hodgkin*, 2021-Ohio-1353, ¶ 12 (12th Dist.).

{¶23} Our review indicates the trial court only advised Schmidt of R.C. 2929.19(B)(2)(c)(i) and a portion of (ii). As we have noted in previous cases where the indefinite sentencing statutory notifications were not given, "'[w]hile [it] is not required to recite the statutory language verbatim in providing the notifications to the defendant . . ., the record must nonetheless reflect that each of the necessary notifications were provided.' (Citation omitted.)" *State v. Karpovitch*, 2025-Ohio-4323, ¶ 49 (11th Dist.), quoting *State v. Chisenhall*, 2024-Ohio-1918, ¶ 43 (12th Dist.).

{¶24} The trial court's failure to advise Schmidt of all the required notifications pursuant to R.C. 2929.19(B)(2)(c) was contrary to law and constitutes plain error. *See*

Case No. 2025-G-0037

*State v. Justice*, 2025-Ohio-2235, ¶ 49 (10th Dist.) (finding plain error and sentence contrary to law where the appellant failed to object to court's failure to advise her of the R.C. 2929.19(B)(2)(c) notifications); *State v. Lawson*, 2025-Ohio-934, ¶ 31 (5th Dist.) (trial judge's failure to provide one of the five R.C. 2929.19(B)(2)(c) notices at sentencing hearing was plain error); *State v. Price*, 2024-Ohio-1641, ¶ 7-10 (4th Dist.) (trial court's failure to notify the appellant of the R.C. 2929.19(B)(2)(c) notifications was contrary to law and plain error).

{¶25} This matter must be remanded for the limited purpose of a resentencing hearing so that the trial court may advise Schmidt of all the R.C. 2929.19(B)(2)(c) notifications. *See State v. Miles*, 2020-Ohio-6921, ¶ 27 (11th Dist.) (the matter must be remanded for the limited purpose of conducting a resentencing hearing); *Karpovitch*, 2025-Ohio-4323, at ¶ 46 (11th Dist.) (this court has held that the failure to provide the R.C. 2929.19(B)(2)(c) notifications is cause to remand for resentencing), citing *State v. Amin*, 2023-Ohio-3761, ¶ 18 (11th Dist.) (when a sentencing court fails to give indefinite sentence notifications, the practice is to remand for resentencing).

{¶26} Accordingly, Schmidt's second assignment has merit, and this case is remanded for the limited purpose of a resentencing hearing.

{¶27} The judgment of the Geauga County Court of Common Pleas is affirmed in part, reversed in part, and remanded for the limited purpose of a resentencing hearing so the trial court may properly advise Schmidt pursuant to R.C. 2929.19(B)(2)(c).

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-G-0037

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed in part and reversed in part. This case is remanded for further proceedings consistent with the opinion.

Costs to be taxed against the parties equally.

PRESIDING JUDGE MATT LYNCH

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0037